UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIA KUHEPA KAAMBO,

            Plaintiff,

-against-                       24-CV-9391 (LLS)

UNITED STATES DEPARTMENT OF STATE,      ORDER OF DISMISSAL
et al.,

            Defendants.

LOUIS L. STANTON, United States District Judge:

    Plaintiff brings this action *pro se*. He alleges that mismanagement of programs distributing aid from the United States to Namibia supported a corrupt, authoritarian regime that caused violent repression of political dissidents like him. Plaintiff invokes the Foreign Assistance Act of 1961, the United Nations Participation Act of 1945, the International Organizations Immunities Act (IOIA), the United Nations Charter, the Administrative Procedure Act of 1946 (APA), Article 46 of the Vienna Convention on Treaties, and federal laws governing international organizations and aid programs (22 U.S.C. § 2151, 22 U.S.C. § 254d, and the African Growth and Opportunity Act).

    He sues the United Nations, and the United Nations Office of the High Commissioner for Human Rights (OHCHR), as well as the United States Department of State (DOS), the United States Agency for International Development (USAID), and DOS Under Secretary of State for Civilian Security, Democracy, and Human Rights, Uzra Zeya, seeking damages and to enjoin funding until certain conditions are satisfied. By order dated September 15, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

The following allegations are drawn from the complaint.[1] Plaintiff Jeremia Kuhepa Kaambo fled Namibia in 2018 due to political persecution and has since resided in the United States. In May 2024, Plaintiff announced his candidacy for the Namibian presidency as an independent candidate. Plaintiff alleges that his eligibility was wrongfully denied, and the Namibian national election took place on November 27, 2024.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Foreign aid distributed through USAID and the State Department was allegedly misused and ultimately supported the South West Africa People's Organization (SWAPO) regime, which engaged in human rights abuses and political repression in Namibia. He further alleges that "dissidents have routinely been killed, 'disappeared,' or driven into exile for their own safety, together with all the personal and property losses commonly associated with such forced displacement." (ECF 1 at 3.) Plaintiff argues that the defendants' actions have supported corrupt practices in Namibia, undermining its democracy. As a result of such persecution, Plaintiff fled to the United States and sought asylum.

Plaintiff asserts claims against Defendants for gross negligence, and he contends that there has been a "manifest failure of Defendants to carry out their mandated obligations under applicable provisions of U.S. law." (*Id.* at 20, ¶ 59.) Plaintiff references the Foreign Assistance Act of 1961, the United Nations Participation Act of 1945, the International Organizations Immunities Act, the United Nations Charter, the Administrative Procedure Act of 1946, Article 46 of the Vienna Convention on Treaties, and federal laws governing international organizations and aid programs (22 U.S.C. § 2151, 22 U.S.C. § 254d, and the African Growth and Opportunity Act).

He seeks to enjoin funding from the United States for foreign election-related programs until free and fair elections are ensured in Namibia. He asks the Court to require Defendants to establish educational programs to support Namibian civic systems and election integrity. Plaintiff also seeks $28 million in monetary damages.

## DISCUSSION

**A.     United Nations and its Office of the High Commissioner for Human Rights**

In Plaintiff's prior suit against the United Nations and its employees, the court dismissed the United Nations, explaining the following:

3

> Under the Convention on Privileges and Immunities of the United Nations, Feb. 13, 1946, *entered into force with respect to the United States* Apr. 29, 1970, 21 U.S.T. 1418 (the "CPIUN"), the United Nations enjoys absolute immunity from suit unless "it has expressly waived its immunity." *Id.* art. II, § 2.
>
> In addition, the International Organizations Immunities Act of 1945, 22 U.S.C. § 288a(b) (the "IOIA"), provides that international organizations designated by the President receive the "same immunity from suit and every form of judicial process as is enjoyed by foreign governments," and the U.N. has been so designated. *See Brzak v. United Nations*, 597 F.3d 107, 112 (2d Cir. 2010) (holding that "the CPIUN unequivocally grants the United Nations absolute immunity without exception"); *Van Aggelen v. United Nations*, 311 F. App'x 407, 409 (2d Cir. 2009) ("The United Nations enjoys absolute immunity under the" U.N. Charter, the CPUIN, and the IOIA). The CPIUN is a "self-executing" treaty, meaning that "American courts must recognize the immunity it adopts in domestic litigation." *Brzak*, 597 F.3d at 111-13.

*Kaambo v. Office of the United Nations Secretary-General*, No. 22-CV-9447 (LTS) (S.D.N.Y. Feb. 24, 2023) (ECF 15 at 3-4).

Because the United Nations and the UN-OHCHR, which is a department within the UN Secretariat, enjoy absolute immunity from suit, Plaintiff's claims against these defendants must be dismissed. *See, e.g.*, *Georges v. United Nations,* 834 F.3d 88, 93 (2d Cir. 2016) (affirming on immunity grounds dismissal of claims against the U.N. and U.N. Secretary-General).

**B.      Claims against federal agencies and officials**

Plaintiff sues the United States DOS, USAID, and DOS Under Secretary Uzra Zeya. He alleges that the DOS and USAID negligently administered foreign aid programs in Namibia, and that the agencies failed to ensure that aid was managed according to U.S. laws and policies intended to promote democracy, protect electoral integrity, and fight corruption. He further alleges that Under Secretary Uzra Zeya, as part of her role in overseeing foreign aid distribution and democracy promotion programs, failed—through gross negligence or willful disregard—in her responsibility to ensure that such aid to Namibia was not used to support corrupt and oppressive practices by the SWAPO-controlled government.

4

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including federal agencies, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The United States DOS and USAID enjoy sovereign immunity from suit for Plaintiff's claims that these federal agencies negligently administered programs to Namibia. Under Secretary Zeya is also entitled to sovereign immunity for claims against her in an official capacity. *See Robinson*, 21 F.3d at 510 ("Because an action against . . . federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."). The Court therefore considers whether any waiver of immunity applies.

    1.    **Section 702 of the Administrative Procedure Act**

Section 702 of the Administrative Procedure Act (APA) provides a waiver of sovereign immunity for certain cases against the federal government. *See*, *e.g.*, *Lunney v. United States*, 319 F.3d 550, 448 (2d Cir. 2003) ("[The APA] waives the federal government's sovereign immunity in actions brought under the general federal question jurisdictional statute, 28 U.S.C. § 1331."); *Sprecher v. Graber*, 716 F.2d 968, 973-74 (2d Cir. 1983) ("We have . . . read section 702 as a waiver of sovereign immunity where a proper action is brought under 28 U.S.C. § 1331."). Section 702's waiver, however, is strictly for claims seeking non-monetary relief. *Bowen v. Massachusetts,* 487 U.S. 879 (1988). Thus, where a claim "is, in essence, an action for money damages," the APA's waiver does not apply. *Thompson v. United States Dept. of Hous. &*

5

*Urban Dev.* 291 F. Supp. 2d 232 (S.D.N.Y. 2003); *Sprecher v. Graber*, 716 F.2d at 973 (Section 702 does not waive sovereign immunity as to claims for monetary damages).

Here, Plaintiff seeks $28 million in damages, as well as an order enjoining distribution of funds through USAID.[2] Because Section 702 of the APA waives sovereign immunity only for suits seeking "relief other than money damages," 5 U.S.C. § 702, Plaintiff cannot rely on the waiver of immunity in Section 702. Plaintiff's claims against the DOS, USAID, and Under Secretary Zeya in her official capacity and therefore dismissed based on sovereign immunity.

### 2. Federal Tort Claims Act

As to claims against Under Secretary Zeya in her individual capacity, the exclusive remedy for torts committed by federal employees acting within the scope of their employment is a suit against the United States under the Federal Tort Claims Act (FTCA).[3] The FTCA waives sovereign immunity for certain damages claims arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680.

Even if Plaintiff had alleged that Under Secretary Zeya personally engaged in tortious conduct, before bringing a claim for damages in a federal district court under the FTCA, a claimant must first exhaust administrative remedies by filing a claim for damages with the appropriate federal government entity. *See* 28 U.S.C. § 2675(a); *Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021) (holding that the filing of such an administrative claim is part of

---

[2] Subsequent to Plaintiff's filing of this complaint, distribution of aid through USAID, which Plaintiff seeks to enjoin based on past harms to him, appears to have ceased. *See*, *e.g.*, *Glob. Health Council v. Trump*, No. 25-5097, 2025 WL 2480618 (D.C. Cir. Aug. 28, 2025) (challenging President's executive order directing Department of State and United States Agency for International Development to freeze foreign aid spending).

[3] *See Sprecher v. Graber*, 716 F.2d 968, 973 (2d Cir. 1983) ("The FTCA . . . authorizes suits only against the United States itself, not its individual agencies" or individuals).

Section 2675(a)'s "jurisdictional presentment requirement"). Plaintiff has not alleged any facts suggesting that he exhausted administrative remedies under the FTCA, and thus he has not met his burden of pleading compliance with the FTCA's exhaustion requirement. *See In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 210, (2d Cir. 1987) (holding that plaintiff bears the burden of pleading exhaustion under the FTCA). "In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *In re Agent Orange Prod. Liab. Litig.,* 818 F.2d at 214 (citing *Wyler v. United States*, 725 F.2d 156, 159 (2d Cir. 1983)). Plaintiff's claims based on Defendant Zeya's allegedly tortious conduct are therefore dismissed for lack of subject matter jurisdiction because Plaintiff does not invoke the FTCA or plead facts showing that he has exhausted administrative remedies under the FTCA.

**C.    Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for the reasons set forth in this order.

The Clerk of Court is directed to enter judgment in this matter.

Dated:    September 18, 2025
          New York, New York

*Louis L. Stanton*
———————————
Louis L. Stanton
U.S.D.J.